USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-21-06

RECEIVED
AUG 17 2006

**SUSMAN GODFREY L.L.P.**
A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
WWW.SUSMANGODFREY.COM

| SUITE 950 | SUITE 5100 | SUITE 3800 |
| 1901 AVENUE OF THE STARS | 901 MAIN STREET | 1201 THIRD AVENUE |
| LOS ANGELES, CALIFORNIA 90067-6029 | DALLAS, TEXAS 75202-3775 | SEATTLE, WASHINGTON 98101-3000 |
| (310) 789-3100 | (214) 754-1900 | (206) 516-3880 |

STEPHEN D. SUSMAN
DIRECT DIAL (713) 653-7801

DIRECT DIAL FAX (713) 654-6670
E-MAIL Ssusman@susmangodfrey.com

August 16, 2006

**MEMO ENDORSED**

*VIA FEDERAL EXPRESS*

Hon. J. Kevin Castel    **Request for Pre-Motion Conference**
U.S. District Judge
500 Pearl Street, Room 2260
New York, NY 10007-1312

Re:   Civil Action No. 1:05-cv-7947 PKC; Douglas Gilstrap and Myron Tataryn, each on behalf of themselves and all others similarly situated v. Radianz Ltd., Radianz America, Inc., Reuters Limited, Blaxmill (Six) Limited, Reuters CLLC, Reuters America LLC, and British Telecommunications plc; In the United States District Court for the Southern District of New York

Dear Judge Castel:

I am requesting a Pre-Motion Conference (by phone if convenient for the Court) prior to filing a Motion for Leave to File Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). A copy of the proposed Second Amended Complaint is attached. We have conferred with Defendants. Defendants oppose our filing of a Motion for Leave.

Plaintiff Doug Gilstrap ("Gilstrap") seeks leave to amend the complaint to allow Gilstrap to pursue his claims in his individual capacity against defendants in light of this courts Memorandum and Order dated July 26, 2006 ("July 26 Opinion") granting defendants' motion to dismiss his class action claims on the ground of forum non conveniens. Myron Tataryn is not a party to this motion or the proposed amendment. Plaintiffs also seek leave to add Edward Banks, Brian Dillon and John Madigan, U.S residents, citizens, and Radianz option holders, as additional Plaintiffs, and to drop as defendants all parties who are headquartered abroad.

The Amended Complaint raises claims by four Americans in their individual capacities against two companies headquartered in the United States, Radianz Ltd. and Radianz Americas Inc. ("Radianz"), that induced these U.S citizens to go to work for Radianz in the U.S. by

706628v1/008904                                                                    **EXHIBIT A**

Hon. J. Kevin Castel
August 16, 2006
Page 2

promising to cash out their options under certain conditions and then breaching that promise by delivering a lesser performance in America.

The following chart compares elements of the First Amended complaint dismissed by the Court in the July 26 Opinion and elements in the Second Amended Complaint and indicates how those elements differ as regards the applicability of the July 26 Opinion.

| FIRST AMENDED COMPLAINT | SECOND AMENDED COMPLAINT |
|---|---|
| Plaintiffs: On behalf of a world-wide class of option holders. | Plaintiffs: Gilstrap, Banks, Dillon and Madigan U.S citizens bringing suit in their individual capacities. |
| Defendants: Radianz Ltd., Radianz Americas., Inc., Reuters Limited, Blaxmill (six) Limited, Reuters C LLC, Reuters America LLC, and British telecommunications plc | Defendants: Radianz Ltd and Radianz Americas., Inc., both with their principal place of business in New York City. |
| Causes of Action: Breach of the Plan and Breach of the Amended Plan against Radianz; Breach of Good faith and fair dealing of the Plan and Amended Plan against Radianz; Tortious Interference against Reuters and BT; Unjust Enrichment against Reuters; Breach of Confidential Relationship and/or Fiduciary Duty against Radianz | Causes of Action: Breach of the Plan and Amended Plan against Radianz Ltd. and Radianz Americas; Breach of Duty of Good Faith and Fair Dealing against Radianz Ltd. and Radianz Americas |
| Deference: The Court showed plaintiffs choice of forum little deference because: (1) Gilstrap and Tataryn are suing in a representative capacity. July 26 Op. at 8; (2) Gilstrap is accompanied by a class of option holders of which 60% live outside of the United States; and 40% live in England; (3) The world wide class possesses little connection to New York. *Id.* at 11; (4) Plaintiffs as a class are forum shopping because they decision to file in the U.S. resulted from the availability of class actions and contingent fees. *Id.* at 12. | Deference: Gilstrap brings this amended complaint as an individual plaintiff only and is joined by three other individual option holders, Banks who works in New York and resides in Connecticut, Dillon who lives in North Carolina, and Madigan who lives in Illinois. All are American citizens and file this amended complaint in their home forum, a United States Court. *See Guidi v. Inter-Continental Hotels Corp.*, 224 F.3d 142, 146-147 (2d Cir. 2000). They should be shown maximum deference. |
| Tataryn joined as a representative of a class of non-U.S. option holders. Dismissed for reasons including that: (1) Tataryn is a resident of England and as a foreign plaintiff is entitled to "'considerably less' deference". *Id.* at 9; (2) New York was not a more convenient forum than England for plaintiff Tataryn. *Id.* at 7; (3) Tataryn is suing in New York because of the | Tataryn is not a plaintiff in the Second Amended Complaint. Any reductions to deference to Gilstrap because of Tataryn's presence in the First Amended Complaint no longer apply. |

706628v1/008904

Hon. J. Kevin Castel
August 16, 2006
Page 3

| | |
|---|---|
| availability of contingent fees and class actions. *Id.* at 9; (4) Tataryn lacks bona fide connections to this District. | |
| Deference and Private Interest Factors: Allegations in the complaint are focused on activities that occurred in England. *Id.* at 17. | Deference and Private Interest Factors: Allegations in the Second amended complaint include activities that occurred in England but primarily focus on activities by Radianz Ltd. and Radianz Americas that occurred in the United States. See Second Amended Complaint ¶¶ 1,2,3,4,17,18,19,20, 22,23,24,25,27,29,32,37,38,45,46,48,49,53, 56,57,63,64 |
| The Court only applied *Gross v. BBC* for the issue of defendants' prior litigation in the U.S. *Id.* at 25. | The Second Circuit analysis in *Gross v. BBC.*, 386 F.3d 224 (2d Cir. 2004) strongly supports allowing the individual claims raised by the Second Amended Complaint |
| Plaintiffs failed to point out any bona fide connection between this suit and their chosen forum. *Id.* at 26 | The plaintiffs were offered and accepted their options in New York. Gilstrap, Banks, and Dillon worked for Radianz in New York. The value shift takes place in the United States through Radianz New York headquarters charging below cost pricing to Reuters. The breach occurs when Radianz only pays plaintiffs $0.10 per option. Second Amended Complaint at ¶¶ 1,2,3,4,17,18,19,20,48,52, 53,56,57,62,63,64 |
| Private Interest Factors: Some witnesses based in the U.S., the majority of party and non party witnesses are in England and witnesses central to a resolution of issues raised in the Complaint are based in England. Majority of relevant documentary evidence in England *Id.* at 22-23. | Private Interest Factors: Some witnesses based in England but the majority of witnesses central to a resolution of the breach of contract issues raised in the Second Amended Complaint are based in the United States. |
| Public Interest Factors: Matters at issue in the case are in large part "those of internal corporate governance of English companies." | Public Interest Factors: Plaintiffs make no claim for breach of fiduciary duty or intentional interference with contract. The remaining breach of contract claims have nothing to do with "internal corporate governance." |
| English law is likely to apply to the fiduciary duty claim and that would require the Court "to have to expand – or read expansively – the scope of a director's fiduciary duty to an English corporation." And this application of foreign law weighs in favor of dismissal. *Id.* at 28-29 | English law is not likely to apply to the claims of the Second Amended Complaint. The offers and acceptance of the options in question occurred in New York. The breach occurred in New York when Radianz paid plaintiffs $0.10 per option. Further, because |

706628v1/008904

Hon. J. Kevin Castel
August 16, 2006
Page 4

|  | the law is the same in both New York and England and only common law claims for breach of contract remain, the court would apply New York law, even if English law would otherwise apply. |
|---|---|

The above factors in the left hand column reducing the level of deference and controlling the disposition of Defendants Motion to Dismiss disappear if Gilstrap is permitted to file an individual action. This becomes a much different case. The resulting increase in deference to Gilstrap's choice of forum and the alteration of the facts and claims impacting the public and private interest factors preclude dismissal of an individual action by Gilstrap on the basis of the July 26 Opinion. The law of the Second Circuit indicates that if Gilstrap is allowed to amend his complaint as requested, the result of a second motion to dismiss on the grounds of forum non conveniens would be different. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65 (2d Cir. 2001);*Gross v. BBC.*, 386 F.3d 224 (2d Cir. 2004).

A party seeking to amend does not face a high barrier in having a request for leave to amend granted, as the rule provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that courts should allow amendments absent a finding of "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Second Circuit has clarified however that "[m]ere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). Absent these factors, leave to amend should be freely given. *Foman*, 371 U.S. at 182.

None of the above factors that would prevent this court from granting leave to amend are present under the circumstances before the Court:

- There has been no undue delay in Plaintiffs' request to amend as Plaintiffs are moving to amend shortly after the Courts July 26, 2006 Memorandum and Order issued.

- There is no bad faith or dilatory motive in Plaintiffs' request to amend. Plaintiffs seek a prompt resolution of this dispute in the United States and do not view the July 26 Opinion as dispositive of the rights of Gilstrap, Banks, Dillon or Madigan to bring suit in the United States.

- There has been no previous amendment, except for the amendment as a matter of right in December 2005.

- Defendants will not suffer prejudice by reason of the amendment. Plaintiffs are not adding new causes of action, but simply eliminating claims, dropping parties defendant and adding factual allegations to demonstrate that the issues in this case are closely

connected to this forum and not subject to dismissal on grounds of Forum Non Conveniens.

- Defendants will not be prejudiced by Plaintiffs desire to address factual allegations more focused on their individual claims or which they were not aware of when Plaintiffs filed their Amended Complaint but which were available to Defendants when Defendants moved to dismiss.

- Likewise, the minimal discovery to date was not obtained from defendants.

- Finally, the amendment will not be futile. The July 26 Opinion makes clear that the Court did not show plaintiffs' choice of forum a significant amount of deference because the case was brought as a class action and that the facts affecting the private and public interest factor analysis would be different in light of the elimination in the Second Amended Complaint of the foreign based plaintiffs and defendants, the claims potentially subject to English law, and England's interest in corporate governance.

- Although Gilstrap's choice of forum is supported by even stronger evidence in both the private and public interest factors than in *Gross v. BBC*, even applying the factual findings relating to the location of witnesses and documents in the July 26 Opinion to an individual claim by Gilstrap, *Gross* bears a striking similarity to those facts and supports allowing Gilstrap to proceed with his individual claims.

Because the deference owed Gilstrap in his individual capacity is significantly different and because of changes in the private and public interest factors, Gilstrap's individual lawsuit against defendants is not addressed by the July 26 Opinion and thus Gilstrap can profitably amend his complaint, continue the suit in his individual capacity, and add the related claims of other individual Plaintiffs.

Thank you for your consideration.

Sincerely,

Stephen D. Susman

cc: Richard A. Rothman – Via Federal Express
Jonathan D. Polkes – Via Federal Express

*[Handwritten annotation:]* Plaintiffs' letter of August 16 will be deemed a motion to amend (and the requirement of a premotion conference is waived). Defendants shall respond by September 18 and plaintiff may reply by October 2.

SO ORDERED

USDJ
8-21-06

706628v1/008904