# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

RICHARD A. ROTHMAN
DIRECT LINE (212) 310-8426
E-MAIL: richard.rothman@weil.com

August 21, 2006

**BY HAND**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007-1312

> Re: *Gilstrap, et al. v. Radianz Ltd., Radianz Americas, Inc., Reuters Limited, Blaxmill (Six) Limited, Reuters C LLC, Reuters America LLC and British Telecommunications plc*, Civil Action No. 1:05-cv-7947 (PKC)

Dear Judge Castel:

    I am writing on behalf of the defendants in the above-captioned action in response to plaintiffs' August 16, 2006 letter to Your Honor requesting a pre-motion conference prior to the filing of their motion for leave to file a second amended complaint pursuant to Rule 15(a). For the reasons set forth below, we object to plaintiffs' proposed motion and urge that it be denied.

    First, the proposed motion is defective given that judgment already has been entered and there is thus no extant complaint to amend. Only if the Court were to first vacate or set aside its judgment under Rules 59 or 60, could plaintiffs' proposed amendment be allowed. See, e.g., Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991) ("[O]nce a judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)"). But plaintiffs' time to move under Rule 59 (i.e., 10 days from the entry of judgment) has long since elapsed and plaintiffs have not expressed any intention to seek relief under Rule 60, nor could they satisfy the requirements necessary to obtain relief under that rule.

NY1:\1449253\03\W291031.DOC\69812.0260

**EXHIBIT B**

WEIL, GOTSHAL & MANGES LLP

Honorable P. Kevin Castel
August 21, 2006
Page 2

Second, even if plaintiffs could somehow overcome this threshold bar to their proposed motion, a motion to amend would be meritless under the standards for leave to amend under Rule 15(a). "[I]t is within the sound discretion of the Court whether to grant leave to amend," John Hancock Mutual Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (citation omitted), and such leave may be denied for any of a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Several of these reasons are applicable here, each of which in and of itself would require the denial of plaintiffs' motion. We discuss three of these reasons below.

Bad Faith

As Your Honor is aware, plaintiffs represented to the Court that they would litigate the case in England if the complaint here was dismissed on forum non conveniens grounds. That representation became part of the background of the lengthy motion process and was referred to in the briefs and at oral argument. The Court in fact dismissed the action based, in part, on the condition that defendants would agree to submit to the jurisdiction of the English courts. The Court's Memorandum and Order was thus, in effect, a dismissal with prejudice that contemplated that the next step in the litigation would be the commencement of an action in England, not the filing of yet a third complaint in New York. Plaintiffs should be required to live up to the commitments they made to the Court.

Moreover, counsel and Mr. Gilstrap would now, in a second amended complaint, abandon the putative class, to which they owe fiduciary duties. Indeed, at oral argument, counsel represented that Mr. Gilstrap brought the original action as a class action to protect the rights of all of the option holders. And, the parties and the Court devoted considerable attention to the question of whether a group plaintiff mechanism exists in England. Apparently now deciding in hindsight that their decision to bring a class action was a tactical error, counsel and Mr. Gilstrap seek to try a "do-over," with the putative class members left to fend for themselves. But the mechanism of amending complaints is not designed to enable plaintiffs to completely rewrite their theory, strategy and tactics every time they lose their case, and plaintiffs' lack of good faith in this regard provides ample reason to reject the proposed motion to amend. See, e.g., State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) (affirming the denial of leave to amend and stating that "a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim") (citation omitted).

NY1:\1449253\03\V29103!.DOC\69812.0260

WEIL, GOTSHAL & MANGES LLP

Honorable P. Kevin Castel
August 21, 2006
Page 3

### Prejudice

The proposed amendment would unduly prejudice defendants. Litigating the <u>forum non conveniens</u> motion entailed an unusually significant expenditure of time and resources on the part of defendants and the Court. It involved extensive briefing, based on research of both U.S. and U.K. law, and, after the Court had carefully scrutinized the motion papers and identified the issues it believed were important, supplemental briefing and affidavits. Thereafter, a full hearing was held – which obviously required careful preparation – and the Court wrote a 30-page decision that carefully analyzed and decided the issues relevant to whether this dispute should be litigated in England or New York. Allowing plaintiffs to proceed with their proposed second amended complaint would require defendants to once again litigate, and the Court to decide, the very same issues, with the attendant expenditure of time and other resources.

In this regard, plaintiffs already have had the opportunity to refine their complaint to meet the challenge of a <u>forum non conveniens</u> motion. They filed the first amended complaint after being alerted that we would bring such a motion and specifically to fortify their case against a <u>forum non conveniens</u> attack. In doing so, they structured their case, including the parties, and beefed up their allegations to the greatest extent talented counsel could muster in order to give the case a "U.S. flavor" and avoid a <u>forum non conveniens</u> dismissal. In their proposed second amended complaint, they seek to dump the English class representative and, indeed, the putative class, and to spin the facts yet again in the hope of manufacturing a greater U.S. nexus. To give plaintiffs a third bite at the apple and force defendants to litigate the same issues anew would be unnecessary, unwarranted and highly prejudicial. If plaintiffs are unhappy with the Court's ruling, they can raise their concerns with the Second Circuit, or they can do as they promised the Court they would, and bring the case in England.

### Futility

Finally, and most importantly, none of plaintiffs' proposed changes would have any bearing on the dispositive findings that this Court made in its extensive decision granting the <u>forum non conveniens</u> motion. None of these changes would call into question the Court's findings that England is an adequate and substantially more convenient alternative forum and that all of the private and public interest factors mandate that this case could and should have been brought in England. Even under plaintiffs' latest (and ever changing) iteration of the case, the parties' dispute would continue to center around the negotiations underlying the Radianz sale, the terms upon which that transaction was consummated, and the amending of the Radianz option plan brought about as a result.

NY1:\1449253\03\V291031.DOC\69812.0260

WEIL, GOTSHAL & MANGES LLP

Honorable P. Kevin Castel
August 21, 2006
Page 4

   Accordingly, none of the proposed changes would alter the fact that all of the events relevant to the case occurred, and that virtually all of the witnesses and documents reside, in England; or the determination that England has a far greater interest in resolving the dispute. In fact, plaintiffs' proposed second amended complaint, despite dropping several claims, continues to assert the same contract claims as its predecessors — claims all based on precisely the same set of operative facts as plaintiffs' previously asserted fiduciary duty and tortious interference claims. Furthermore, any increase in the level of deference that might be afforded the proposed individual (as opposed to representative) plaintiffs — none of whom reside in New York — still would be insufficient to overcome the relevant private and public interest factors, which the Court determined "weigh heavily in favor of dismissal." Memorandum and Order at 2. Plaintiffs' proposed second amended complaint is thus no less subject to dismissal as was the first amended complaint and the proposed motion to amend is consequently futile.

   The foregoing discussion is meant merely to summarize some of the most important reasons why defendants would oppose plaintiffs' motion, and we submit that the Court should deny plaintiffs' application without further argument or hearing. To the extent, however, that the Court decides to permit plaintiffs' motion to be submitted, we request an opportunity to file a memorandum of law setting forth in detail the bases for our opposition. We of course are available at the Court's convenience to discuss these issues further or to answer any questions Your Honor may have.

           Respectfully submitted,

           Richard A. Rothman / JSA

           Richard A. Rothman

cc: Stephen D. Susman, Esq. (by facsimile)
   Stuart V. Kusin, Esq. (by facsimile)

NY1:\1449253\03\V29103!.DOC\69812.0260