# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

**MEMO ENDORSED**

RICHARD A. ROTHMAN
DIRECT LINE (212) 310-8426
E-MAIL: richard.rothman@weil.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/07

July 16, 2007



RECEIVED
JUL 17 2007
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

**BY HAND**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007-1312

Re:  *Gilstrap, et al. v. Radianz Ltd., Radianz Americas, Inc., Reuters Limited, Blaxmill (Six) Limited, Reuters C LLC, Reuters America LLC and British Telecommunications plc*, Civil Action No. 1:05-cv-7947 (PKC)

*Gilstrap, et al. v. Radianz Ltd. and Radianz Americas, Inc.*, Civil Action No. 1:06-cv-14218 (PKC)

Dear Judge Castel:

      As the Court may recall, we represent the defendants in the above-captioned actions. Enclosed is a courtesy copy of the Second Circuit's mandate with respect to the affirmance of Your Honor's July 2006 opinion granting the defendants' motion to dismiss the first-filed, putative class action complaint on forum non conveniens grounds.

      As the Court may also recall, on December 7, 2006, Mr. Gilstrap, the lead named plaintiff in the putative class action, and two other former Radianz executives (and members of the putative class) filed a new action that was referred to Your Honor, captioned above, arising from the same events, involving the same alleged injury, and asserting the same basic claims as Mr. Gilstrap's and the putative class' two prior complaints. Given the identity of the issues between the two cases, defendants believed at the time that the filing of this new complaint was improper. Rather than engaging in litigation that could prove to be unnecessary in light of the then pending appeal, however,

NY1:\1505765\02\W9%T02!.DOC\69812.0260                                    **EXHIBIT E**

WEIL, GOTSHAL & MANGES LLP

Honorable P. Kevin Castel
July 16, 2007
Page 2

the parties agreed to enter into a stipulation which provided for a stay of the new action until 60 days after the disposition of the appeal. A courtesy copy of the stipulation and order with respect to the stay (the "Stipulation and Order") is also enclosed. Because the 60-day period set forth in the Stipulation and Order runs on July 24, 2007, we are writing to the Court now to inform Your Honor of our intentions with respect to the new complaint.

In light of Your Honor's thorough opinion dismissing Mr. Gilstrap's prior complaint, and the Second Circuit's May 25, 2007 decision affirming that opinion, we have requested, by letter dated June 29, 2007, that Mr. Gilstrap and his co-plaintiffs in the subsequently filed (and currently stayed) action withdraw their complaint before defendants incur any additional legal expenses litigating this dispute in the United States, and before the Court is required to devote any further judicial resources to this matter. We have asked plaintiffs' counsel for a response to this request by July 20, 2007. If plaintiffs decline to withdraw the new complaint and decide to persist in further litigation of this dispute in the United States, we will request a pre-motion conference with the Court in order to seek leave to file a motion to dismiss the complaint and to set an appropriate briefing schedule for that motion.

We are available at the Court's convenience to answer any questions Your Honor may have.

Respectfully submitted,

Richard A. Rothman

Enclosures
cc:   Stephen D. Susman, Esq. (by facsimile)
      Stuart V. Kusin, Esq. (by facsimile)

*[Handwritten note:]* Plaintiff's counsel is directed to respond in writing to the letter of July 16 by fax to Chambers not later than August 20, 2007. SO ORDERED. [signature] 8-9-07