UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DOUGLAS GILSTRAP and MYRON TATARYN, each on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>RADIANZ LTD., RADIANZ AMERICAS, INC., REUTERS LIMITED, BLAXMILL (SIX) LIMITED, REUTERS C LLC, REUTERS AMERICA LLC and BRITISH TELECOMMUNICATIONS plc,<br><br>      Defendants. | 05-CV-7947 (PKC) |

---

| | |
|---|---|
| DOUGLAS GILSTRAP, BRIAN DILLON and JOHN MADIGAN,<br><br>      Plaintiffs,<br><br>  vs.<br><br>RADIANZ LTD. and RADIANZ AMERICAS, INC.,<br><br>      Defendants. | 06-CV-14218 (PKC) |

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR INJUNCTIVE RELIEF AND COSTS**

         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York 10153
         (212) 310-8000

         *Counsel for Defendants Radianz Limited, Radianz Americas, Inc., Reuters Limited, Blaxmill (Six) Limited, Reuters C LLC, Reuters America LLC and British Telecommunications plc*

Dated: October 5, 2007

NY1:\1514046\05\WG8%05!.DOC\69812.0260

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................................ii

PRELIMINARY STATEMENT..................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.   This Court Can And Should Issue The Requested Injunction ................................. 3

II.  Defendants Are Entitled To Costs And Other Sanctions ....................................... 8

RELIEF REQUESTED ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases:**                                                                                                    **Page(s)**

Amore ex rel. Estates of Amore v. Accor, S.A., 484 F. Supp. 2d 124 (D.D.C. 2007) .................... 5

A.P. Keller Dev., Inc. v. One Jackson Place, Ltd., 890 S.W.2d 502
    (Tex. App. -- El Paso 1994, no writ.) ................................................................................ 7

In re Arbitration Between Monegasque De Reassurances S.A.M. v. Nak,
    311 F.3d 488 (2d Cir. 2002) ............................................................................................. 5

Baris v. Sulpicio Lines, Inc., 74 F.3d 567 (5th Cir.), aff'd en banc,
    101 F.3d 367 (1996) ........................................................................................................ 3

Blauinsel Stiftung v. Sumitomo Corp., 2001 WL 1602118 (S.D.N.Y. Dec. 14, 2001) ................ 8

Boots v. Lopez, 6 S.W.3d 292 (Tex. App. -- Houston [14th Dist.] 1999, pet. denied) .................. 7

Chick Kam Choo v. Exxon Corp., 486 U.S. 140 (1988) ......................................................... passim

Cooter & Gell v. Hartmax Corp., 496 U.S. 384 (1990) .................................................................. 9

Coots v. Leonard, 959 S.W.2d 2999 (Tex. App. -- El Paso 1997, no pet. h.) ................................ 7

Delvalle v. Cedric Kushner Promotions, Ltd., 2000 WL 1915808
    (S.D.N.Y. Jan. 9, 2000) .................................................................................................... 9

Easter v. Technetics Mgmt. Corp., 135 S.W.3d 821 (Tex. App. -- Houston
    [1st Dist.] 2004, pet. granted, judgm't vacated w.r.m.) .................................................... 6

Esquivel v. Arau, 913 F. Supp. 1382 (C.D. Cal. 1996) ................................................................. 8

Fletamentos Maritimos, S.A. v. Maritima Albatros, S.A., 944 F. Supp. 906
    (S.D. Fla. 1996) ............................................................................................................ 3, 4

Gas Butano, S.A. v. Rodriguez, 375 S.W.2d 542 (Tex. Civ. App. 1964) ...................................... 6

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947) ............................................................................. 7

Ibar Ltd. v. Am. Bureau of Shipping, 1998 WL 274469 (S.D.N.Y. May 26, 1998) ...................... 4

McNutt v. Teledyne Indus., Inc., 693 S.W.2d 666 (Tex. App. -- Dallas 1985,
    no writ.) ............................................................................................................................ 7

In re Papandreou, 139 F.3d 247 (D.C. Cir. 1998) .......................................................................... 5

Pastewka v. Texaco, Inc., 565 F.2d 851 (3d. Cir. 1977) ................................................................ 5

## TABLE OF AUTHORITIES
## (cont'd)

**Cases:**                                                                                                           **Page(s)**

Sarieddine v. Moussa, 820 S.W.2d 837 (Tex. App. -- Dallas 1991, writ. denied) ........................... 7

Simeone v. First Bank Nat. Ass'n, 125 F.R.D. 150 (D. Minn. 1989) ............................................... 8

Smith v. Woosley, 399 F.3d 428 (2d Cir. 2005) ................................................................................ 5

Truong v. Vuong, 2003 WL 1987928 (Tex. App. -- Houston [14th Dist.]
    May 1, 2003, no pet. h.) .............................................................................................................. 7

United Rentals (N. Am.), Inc. v. Nardi, 2002 WL 32173531
    (D. Conn. Sept. 24, 2002) ........................................................................................................... 8

Van Winkle-Hooker Co. v. Rice, 448 S.W.2d 824 (Tex. Civ. App. 1969) ...................................... 6

Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665 (5th Cir. 2003) ................................... 2, 3, 5

Zipfel v. Halliburton Co., 861 F.2d 565 (9th Cir. 1988) ............................................................. 3, 4

Zucker v. Katz, 708 F. Supp. 525 (S.D.N.Y. 1989) .......................................................................... 8

**Statutes & Rules:**

28 U.S.C. § 1651 ........................................................................................................................ 3, 8

28 U.S.C. § 1920 ............................................................................................................................ 8

28 U.S.C. § 2283 ..................................................................................................................... 1, 3, 8

Fed. R. Civ. P. 41 ....................................................................................................................... 2, 8

## **PRELIMINARY STATEMENT**

Plaintiffs attempt to sanitize their prior conduct with protestations of good faith, but do not dispute two key points. First, they acknowledge the two years of serial litigation detailed in Defendants' moving brief: bringing the same essential complaint four times, modified only by cosmetic changes, in a transparent effort to avoid the forum non conveniens bar; repeatedly arguing theories and submitting affidavits at variance with their pleadings; attempting to amend their Amended Complaint so as to abandon the putative class Plaintiffs represented as fiduciary, while simultaneously pursuing an appeal, in order to circumvent this Court's July 2006 Opinion; filing a new complaint based on the same dispute while their appeal was pending; and, filing yet another complaint in Texas the day after withdrawing their case in New York. Throughout this period, this Court exercised remarkable patience with Plaintiffs, bending over backwards to give them every opportunity to exhaustively litigate the issue of whether this case should proceed in the United States or England.

Second, Plaintiffs do not dispute that having forced Defendants to spend a fortune to litigate and win the forum non conveniens issue -- and having similarly forced both this Court and the Second Circuit to expend valuable resources deciding it -- they now seek to render all of this litigation a nullity by bringing the same case, based on the same alleged breach and injury, in Texas, which has even less of a nexus to the events in dispute than New York; indeed, it has none.

Plaintiffs contend this Court is powerless to stop their abuse and that the extensive litigation of the forum non conveniens issue now must be replayed because the Anti-Injunction Act supposedly prohibits the application of collateral estoppel to this Court's July 2006 Opinion. They rely on the Supreme Court's decision in Chick Kam Choo v. Exxon Corp., 486 U.S. 140 (1988), which they contend absolutely prohibits the application of collateral estoppel to a federal court forum non conveniens dismissal in a subsequent state court action. Plaintiffs are wrong. The decision in Chick Kam Choo said no such thing, and Plaintiffs' interpretation of the decision is based largely on a Fifth

Circuit opinion that held that collateral estoppel can never apply to a <u>forum non conveniens</u> dismissal because it is not a final decision (<u>Vasquez</u> v. <u>Bridgestone/Firestone, Inc.</u>, 325 F.3d 665 (5th Cir. 2003)). Plaintiffs do not dispute, however, that whether this Court can issue an injunction here is governed by the law of the Second Circuit, which has yet to consider this issue. Moreover, as the authorities cited in Defendants' moving brief confirm, a fully litigated <u>forum non conveniens</u> dismissal <u>is</u> a final decision for collateral estoppel purposes. Thus, the proper interpretation of <u>Chick Kam Choo</u> is that the relitigation exception permits the issuance of an injunction except where there is a material difference between applicable state and federal <u>forum non conveniens</u> standards.

That exception does not apply here, because there is no such difference between Texas and federal <u>forum non conveniens</u> law. Plaintiffs dispute this, claiming that the Texas law of <u>forum non conveniens</u> is radically different because it supposedly prohibits dismissal of any lawsuit brought by a Texas resident. But the only prohibition pertains to wrongful death and personal injury claims, and exists by virtue of a special statute (which Plaintiffs mistakenly rely on here). That statute has no application to this commercial case, as evidenced by the multiple Texas decisions that have dismissed suits brought by Texas residents on <u>forum non conveniens</u> grounds.

With respect to Defendants' request for relief pursuant to Rule 41(d) and the Court's inherent power to impose sanctions, Plaintiffs acknowledge the Court's authority in both respects (<u>see</u> Pl. Opp. at 22-23, 25). Accordingly, they argue that the Court should not exercise its authority in light of their sanitized version of the litigation's history. But this Court is fully familiar with the actual history of this case and, in any event, Defendants should not have to pay to relitigate this dispute in the wake of Plaintiffs' abusive resort to Rule 41(a). Rather, Rule 41(d) confers broad discretion on this Court and is expressly intended to recompense a defendant for the very conduct at issue here.

## **ARGUMENT**

I.   **THIS COURT CAN AND SHOULD ISSUE THE REQUESTED INJUNCTION**

Defendants' moving brief demonstrated that because Plaintiffs are estopped from relitigating this Court's forum non conveniens determination, the relitigation exception to the Anti-Injunction Act applies, and an injunction preventing Plaintiffs from proceeding anywhere but England can issue under the All Writs Act. See Def. Mem. at 19-22. In response, Plaintiffs concede that the relitigation exception ordinarily applies when a state court plaintiff is collaterally estopped from relitigating a federal decision. See Pl. Opp. at 7. But they argue that the Supreme Court's decision in Chick Kam Choo absolutely prohibits injunctions against state court actions on the basis of a prior federal court forum non conveniens dismissal. See Pl. Opp. at 8-9. That decision, however, did not hold or indicate either that collateral estoppel can never apply to a fully litigated forum non conveniens dismissal, or that the Anti-Injunction Act flatly precludes injunctions against state court actions based on a prior forum non conveniens dismissal. See Def. Mem. at 20.

Plaintiffs rely on a few non-Second Circuit decisions, principally the Fifth Circuit's decisions in Vasquez and Baris v. Sulpicio Lines, Inc., 74 F.3d 567 (5th Cir.) (affirmed on rehearing "by an equally divided en banc court," 101 F.3d 367 (5th Cir. 1996)). But Plaintiffs do not dispute that whether this Court can issue the requested injunction is governed by the law of the Second Circuit, which has yet to consider the reach of Chick Kam Choo. Moreover, as discussed in Defendants' moving brief (at 19-20, 21 n.8) and below, beyond the fact that the few decisions Plaintiffs cite are not controlling, to the extent that any of them actually support Plaintiffs' position, they are contrary to the weight of authority regarding the collateral estoppel effect of a forum non conveniens dismissal and disregard the plain language of the majority opinion in Chick Kam Choo.[1]

---

[1] Although Plaintiffs also purport to rely on the Ninth Circuit's opinion in Zipfel v. Halliburton Co., 861 F.2d 565 (9th Cir. 1988), and the decision of a Florida district court in Fletamentos Maritimos,

3

Specifically, Plaintiffs offer <u>no</u> meaningful rejoinder to Defendants' showing that the majority of courts -- including courts within the Second Circuit -- have found that collateral estoppel applies to a fully litigated <u>forum non conveniens</u> determination. See Def. Mem. at 19-20 (citing cases). For example, as explained in <u>Ibar Ltd.</u> v. <u>Am. Bureau of Shipping</u>, 1998 WL 274469 (S.D.N.Y. May 26, 1998), "[t]o avoid the preclusive effect of a prior <u>forum non conveniens</u> determination, '"the plaintiff in the new forum must do more than ask for a rebalancing of <u>forum non conveniens</u> considerations underlying the previous consideration. He must show objective facts relevant to the issue that materially alter the considerations underlying the previous resolution."'" <u>Id.</u> at *3.[2]

Plaintiffs attempt to distinguish the authorities cited by Defendants on the ground that they involved consideration of the preclusive effect of a <u>forum non conveniens</u> dismissal in the context of a subsequent federal (as opposed to state) court action. See Pl. Opp. at 16-17. However, none of those decisions makes such a distinction or provides any support for it. Rather, they were based on the

---

<u>S.A.</u> v. <u>Maritima Albatros, S.A.</u>, 944 F. Supp. 906 (S.D. Fla. 1996) (<u>see</u> Pl. Opp. at 9-13), they have mischaracterized both decisions. Plaintiffs contend that the Ninth Circuit "recalled and amended its prior decision in light of <u>Chick Kam Choo</u> to make clear that a district court in California could not enjoin subsequent state court litigation in Texas on the grounds that it had dismissed the federal court action on <u>forum non conveniens</u> grounds." Pl. Opp. at 13 (citing <u>Zipfel</u>, 861 F.2d at 570). To the contrary, the Ninth Circuit, prior to <u>Chick Kam Choo</u>, had already vacated an injunction barring the relitigation of the district court's <u>forum non conveniens</u> dismissal in Texas state court. See 861 F.2d at 569. Relying on <u>Chick Kam Choo</u>, the Ninth Circuit recalled its mandate in order to afford the district court the opportunity to consider the propriety of an injunction preventing the relitigation of the district court's choice-of-law determination. See <u>id.</u> at 570. The court in <u>Fletamentos</u> also did not hold that <u>Chick Kam Choo</u> flatly prohibits an injunction of a state court action based on a prior federal <u>forum non conveniens</u> dismissal. Rather, after the federal court had dismissed a lawsuit on <u>forum non conveniens</u> grounds and plaintiff re-filed in state court, the defendant filed a motion to dismiss <u>in the state court action</u> and the state court denied that motion under Florida <u>forum non conveniens</u> law. It was only after litigating and losing its <u>forum non conveniens</u> motion in state court that the defendant sought a federal injunction of the state court trial. At that point, the federal court understandably found that it did not have authority to question the state court's prior finding that Florida and federal law were different, and it therefore denied the motion for an injunction. See 944 F. Supp. at 907-09.

[2] While on notice of this standard (<u>see</u> Def Mem. at 21), Plaintiffs fail to identify a <u>single</u> "objective fact" in the Texas Action that would "materially alter the considerations underlying" the July 2006 Opinion. There are none.

4

judgment that a fully litigated forum non conveniens decision is a final determination of that issue to which collateral estoppel attaches. See, e.g., Pastewka v. Texaco, Inc., 565 F.2d 851, 853-54 (3d Cir. 1977) (stating, in light of a prior forum non conveniens dismissal: "Once a judicial system has afforded the opportunity for full and final litigation of issues between parties, . . . permitting relitigation of the same issues in another court is intolerable"); Amore ex rel. Estates of Amore v. Accor, S.A., 848 F. Supp. 2d 124, 129-30 (D.D.C. 2007). These decisions confirm that one of the two premises of Vasquez -- i.e., that a forum non conveniens dismissal is not a final determination to which collateral estoppel applies -- was wrong. See Def. Mem. at 21 n.8.[3]

Moreover, Plaintiffs have no response to Defendants' showing (see id.) that the other premise of Vasquez also was wrong. Specifically, while the Vasquez court rejected the notion that the preclusive effect of a forum non conveniens determination turns on the "differences between federal and state f.n.c. law" (325 F.3d at 677 (emphasis in original)), Plaintiffs do not and cannot dispute that the Supreme Court's decision in Chick Kam Choo was expressly based on the differences between the federal forum non conveniens standard and the "significantly different forum non conveniens analysis" applicable to the wrongful death claims at issue. Def. Mem. at 20 (quoting Chick Kam Choo, 486 U.S. at 149). A plain reading of the majority's opinion thus makes clear that Chick Kam Choo should not

---

[3] Plaintiffs also cite (in a footnote) the Second Circuit's decision in In re Arbitration Between Monegasque De Reassurances S.A.M. v. Nak, 311 F.3d 488 (2d Cir. 2002), for the proposition that "[t]he Second Circuit has also found forum non conveniens dismissals to be a decision not on the merits." Pl. Opp. at 12 n.8. A review of that decision confirms that it has no relevance here and explains why Plaintiffs relegated it to a footnote. In that case, the Second Circuit, relying on In re Papandreou, 139 F.3d 247 (D.C. Cir. 1998), considered whether it was appropriate for the district court to decide a forum non conveniens motion before determining jurisdiction. Nothing in the decision bears on the issue of whether a forum non conveniens determination estops relitigation of the same issue in a separate, substantively identical action. Moreover, Papandreou makes clear that a forum non conveniens dismissal that, as here, is issued subject to conditions (such as that the defendants consent to the jurisdiction of the foreign court) does, in fact, constitute a merits determination. See 139 F.3d at 256 n.6; cf. Smith v. Woosley, 399 F.3d 428, 436 (2d Cir. 2005) ("[T]he relitigation exception may apply if the merits of the case were never reached, provided that a critical issue concerning the case has been adjudicated") (citation omitted).

5

bar injunctive relief against state court proceedings based on a fully litigated, federal court <u>forum non conveniens</u> dismissal absent a material difference between the applicable state and federal standards.[4]

Finally, Plaintiffs contend that Texas' "'open courts' mandate" supposedly prohibits a <u>forum non conveniens</u> dismissal of <u>any</u> lawsuit brought by a Texas resident in Texas state court. See Pl. Opp. at 14-16. Based on that contention, they claim that the federal and Texas <u>forum non conveniens</u> standards differ materially and that, under <u>Chick Kam Choo</u>, their attempt to relitigate in Texas cannot be enjoined. Plaintiffs rely for support on a single decision of one of Texas' 14 intermediate courts of appeal. See Pl. Opp. at 15 (citing <u>Easter v. Technetics Mgmt. Corp.</u>, 135 S.W.3d 821 (Tex. App. -- Houston [1st Dist.] 2004, pet. granted, judgm't vacated w.r.m.). The Texas Supreme Court, however, has never ruled that <u>forum non conveniens</u> does not apply to suits by Texas residents, and the <u>Easter</u> court stands alone in Texas. <u>Easter</u> also finds no support in the authorities it relied upon, including <u>Van Winkle-Hooker Co.</u> v. <u>Rice</u>, 448 S.W.2d 824 (Tex. Civ. App. 1969), and <u>Gas Butano, S.A.</u> v. <u>Rodriguez</u>, 375 S.W.2d 542 (Tex. Civ. App. 1964). In both decisions, the Texas Court of Civil Appeals merely considered the plaintiff's Texas residency as <u>one of several factors</u> that understandably rendered the Texas forum appropriate in those cases.[5]

Moreover, Texas common law does not recognize an "absolute right to proceed in

---

[4] Plaintiffs repeatedly point not to the majority decision, but to Justice White's concurrence in <u>Chick Kam Choo</u> and, in particular, to a quote therein that appears to obscure the fact that the majority decision was clearly based on the differences between federal and Texas <u>forum non conveniens</u> law in wrongful death actions due to the special Texas statute applicable to wrongful death plaintiffs. <u>Compare</u> Pl. Opp. at 1, 9 ("'whether [state] courts'"), <u>with</u> <u>Chick Kam Choo</u>, 486 U.S. at 148 ("whether Texas courts").

[5] See <u>Van Winkle-Hooker</u>, 448 S.W.2d at 828 ("[W]e find appellant, as plaintiff, a resident of Texas, seeking to recover upon a written contract entered into in Texas with appellee-defendant and such contract providing specifically that it shall be construed under the laws of Texas"); <u>Gas Butano</u>, 375 S.W.2d at 544 ("The question here is whether this suit, based upon a promissory note payable in Laredo, Texas, can be more conveniently tried on the south side of the Rio Grande than on the north side").

Texas" (Pl. Opp. at 15) for Texas residents, as confirmed by various Texas decisions considering forum non conveniens challenges to suits brought by Texans.[6] For example:

- In Truong v. Vuong, 2003 WL 1987928 (Tex. App. -- Houston [14th Dist.] May 1, 2003, no pet. h.), Houston's Fourteenth District Court of Appeals reversed a forum non conveniens dismissal -- but only because the trial court failed to adequately consider the Gilbert factors. See id. at *5. As the court stated, "[b]ecause the appellants' cause of action was not based on injury or wrongful death, the statutory forum non conveniens provision found in [Section 71.051] does not apply. . . . We therefore further construe the trial court's dismissal as based on common law doctrine." Id. at *2 (internal citations omitted). The court concluded that the trial court failed to adequately consider the same Gilbert factors applied by this Court and remanded for further proceedings, noting that Texas residency is a factor for consideration, but that residents do not have an absolute right to proceed in Texas. Id. at *5.

- In A.P. Keller Development, Inc. v. One Jackson Place, Ltd., 890 S.W.2d 502 (Tex. App. -- El Paso 1994, no writ.), the court affirmed the dismissal of a breach of contract action brought by a Texas corporation on forum non conveniens grounds. It stated that "[a]lthough Appellant's status as a Texas corporation provides some relationship to Texas, at least to the extent Appellant was harmed by the termination of the management contract, other factors indicate that this litigation has a much greater relationship to the State of Mississippi. . . ." Id. at 507.

- In McNutt v. Teledyne Industries, Inc., 693 S.W.2d 666 (Tex. App. -- Dallas 1985, no writ.), the Court of Appeals for Dallas affirmed a forum non conveniens dismissal of a wrongful death action brought by Texas residents. See id. at 668. Affirming that the "Texas courts have adopted the Gilbert tests," the court explained: "[i]t is undisputed that the only factor which favors the McNutt's choice of forum is their own residence while all other factors to be considered . . . would favor Colorado as the appropriate forum. . . ." Id. (citations omitted). Importantly, McNutt was issued in 1985 -- prior to enactment of Section 71.051 -- and thus was decided under, and reflects, Texas' common law of forum non conveniens, which continues to apply with respect to non-wrongful death/personal injury cases.[7]

In sum, this is a classic situation in which an injunction is necessary to effectuate and

---

[6] Texas does, by statute, prohibit the consideration of the doctrine in wrongful death and personal injury actions by Texas residents. See Tex. Civ. Prac. & Rem. Code Ann. § 71.051(e), (i). While Plaintiffs claim that this statute is "reflective of the longstanding constitutional rights of Texas residents," if that were true there would have been no need for the statute. In fact, the wrongful death statute created an exception to the usual forum non conveniens principles applied by Texas and federal courts alike pursuant to Gilbert. See Def. Mem at 14-15; see also Sarieddine v. Moussa, 820 S.W.2d 837, 840 (Tex. App. -- Dallas 1991, writ. denied) ("Texas courts have adopted the Gilbert factors").

[7] See also Boots v. Lopez, 6 S.W.3d 292 (Tex. App. -- Houston [14th Dist.] 1999, pet. denied) (affirming forum non conveniens dismissal of divorce case where plaintiff was Texas resident); Coots v. Leonard, 959 S.W.2d 299 (Tex. App. -- El Paso 1997, no pet. h.) (affirming dismissal of child visitation rights case for forum non conveniens where plaintiffs were Texas residents).

7

avoid the frustration of this Court's and the Second Circuit's orders. The relitigation exception applies and, accordingly, this Court can and should issue the requested injunction under the All Writs Act.

## II. DEFENDANTS ARE ENTITLED TO COSTS AND OTHER SANCTIONS

**Rule 41(d)** -- Plaintiffs acknowledge: (i) the Court's authority to award costs pursuant to Rule 41(d); and (ii) that this Court has discretion to impose costs under this Rule. See Pl. Opp. at 22-23; see also Def. Mem. at 22-23. While Plaintiffs claim in their defense that Gilstrap had "good reason" for dismissing the Second New York Action and re-filing the same case in Texas (Pl. Opp. at 23), they never identify one.[8] Rather, their undeniable purpose was to evade the mandate set down by this Court and the Second Circuit after two years of expensive litigation. Thus, it is difficult to envision a case in which the application of Rule 41(d) is more appropriate or necessary.

Plaintiffs' remaining attempts to avoid Rule 41(d) are meritless. First, Plaintiffs are simply wrong in claiming that recoverable costs under Rule 41(d) exclude attorneys' fees, as the law in the Second Circuit is to the contrary. See, e.g., Blauinsel Stiftung v. Sumitomo Corp., 2001 WL 1602118, at *9 & n.6 (attorneys' fees recoverable "costs" under Rule 41(d)); Zucker v. Katz, 708 F. Supp. 525, 539 (S.D.N.Y. 1989) (same).[9] Second, this Court's authority to award costs under Rule 41(d) is unaffected by the fact that the second action is in a different court. See United Rentals (N.

---

[8] Plaintiffs do not dispute that the Texas Action seeks recovery for the same alleged injury based on the same alleged breach of the Radianz option plan as in all the iterations of their original action here. Moreover, while they allege in conclusory fashion that (i) the Second New York Action was "substantially different" from the putative class action (Pl. Opp. at 4), and (ii) the Texas Action "focus[es] on those events that occurred in the United States" (id. at 6), Plaintiffs cite to nothing in either of those complaints to counter Defendants' demonstration that both actions are based on the same alleged breach and purported injury as their original and amended complaints, and involve the very same dispute. See Def. Mem. at 7-11. Nor have they attempted to refute Defendants' showing that the only differences in the Texas Action are a matter of pleading gamesmanship. See id. at 9-11.

[9] Contrary to Plaintiffs' assertion that 28 U.S.C. § 1920 indicates the items that may constitute recoverable costs (see Pl. Opp. at 24 n.19), the limitation set forth in Section 1920 on costs recoverable "is not properly applied to an award under Rule 41(d)." Simeone v. First Bank Nat. Ass'n, 125 F.R.D. 150, 156 (D. Minn. 1989); see also Esquivel v. Arau, 913 F. Supp. 1382, 1389 n.11 (C.D. Cal. 1996).

Am.), Inc. v. Nardi, 2002 WL 32173531, at *1 (D. Conn. Sept. 24, 2002).[10]

**The Court's Inherent Power** -- Here again, Plaintiffs concede that the Court has the power to sanction abusive litigation conduct (see Pl. Opp. at 25), and plead only that the Court should not do so in light of their supposed good faith. However, Plaintiffs offer no rebuttal to, and thus concede, virtually <u>all</u> of the facts detailed in Defendants' moving brief regarding their conduct of this litigation, and the few rejoinders they offer are groundless. For example:

- After two years of silence, Plaintiffs suddenly complain that their counsel's representation to the Court that they would proceed in England if their case was dismissed here was not a "blood oath," and proffer an inaccurate revisionist account of counsel's dialogue with the Court. Pl. Opp. at 2-3. But they do not dispute that counsel made the unequivocal representation and that they clearly understood that the July 2006 Opinion mandated that this case proceed in England.

- Plaintiffs try now to take credit for quickly withdrawing their second amended class action complaint (filed just before their notice of appeal, which divested this Court of jurisdiction) and Gilstrap's Second New York Action (which rehashed earlier claims and dropped the putative class). See Rothman Aff. Exs. J, K. Indeed, Plaintiffs pat themselves on the back for going to "great lengths to insure Defendants did not incur any costs or other expenses responding to" the Second New York Action. Pl. Opp. at 23. But in both cases, Plaintiffs beat a hasty retreat only <u>after</u> Defendants pointed out the improper nature of their actions and warned them about possible sanctions. Indeed, the dismissal of the Second New York Action and Plaintiffs' next-day re-filing in Texas is virtually an admission that Plaintiffs were playing fast and loose with this Court.

Finally, while Plaintiffs repeatedly attempt to justify their conduct by asserting that their re-filing in Texas "came as no surprise" to Defendants (Pl. Opp. at 23), the issue is not whether Defendants were surprised, but whether the dismissal and re-filing were improper.[11]

---

[10] Plaintiffs rely on Delvalle v. Cedric Kushner Promotions, 2000 WL 1915808 (S.D.N.Y. Jan. 9, 2000), which Defendants brought to the Court's attention in their moving brief (at 23 n.9). As explained there, Delvalle cannot be reconciled with the Court's retention of jurisdiction over "collateral issues," such as motions for costs or attorneys' fees, "after an action is no longer pending." Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 395 (1990). Although Cooter & Gell addresses the imposition of sanctions under Rule 11, its reasoning is equally applicable here. Moreover, the logic of Delvalle would enable plaintiffs to routinely abuse Rule 41 with impunity merely by re-filing in state courts -- just as Plaintiffs attempt to do here.

[11] The salient "unfair surprise" point for purposes of this motion is that Plaintiffs were squarely on notice that Defendants would seek sanctions if they persisted in litigating this case in a United States

9

## **RELIEF REQUESTED**

Plaintiffs' resort to Rule 41(a) and re-filing in Texas constitutes an egregious abuse of the litigation process and an inexcusable affront to both this Court and the Second Circuit, for which this Court can and should issue the requested injunction. Moreover, Defendants respectfully submit that if the Court does issue the injunction, Plaintiffs should be required to recompense Defendants for the expense of making this motion. If, on the other hand, the Court concludes that it cannot preclude Plaintiffs from relitigating in Texas, it can and should order Plaintiffs to reimburse Defendants for all of the expense incurred litigating the <u>forum non conveniens</u> issue in New York over the past two years. If Gilstrap believed Texas was the appropriate forum for this litigation, he should have sued there in the first place. Defendants should not have to pay to litigate the same issue twice.

Dated: October 5, 2007  
       New York, New York

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

_____  
Richard A. Rothman (RR-0507)  
Jonathan D. Polkes (JP-4265)  
Joshua S. Amsel (JA-0321)  
Jessie B. Mishkin (JM-0855)  
767 Fifth Avenue  
New York, New York 10153  
(212) 310-8000

*Counsel for Defendants Radianz Limited, Radianz Americas, Inc., Reuters Limited, Blaxmill (Six) Limited, Reuters C LLC, Reuters America LLC and British Telecommunications plc*

---

court. Defendants' response to Plaintiffs' July 31 letter (see Pl. Opp. at 5 (quoting Fulton Affidavit, Ex. G)) made clear that Defendants would "proceed to defend themselves vigorously in the courts, including, as we have discussed in the past, by seeking dismissal and sanctions with respect to any further complaint filed in the United States -- whether in New York or Texas." Exhibit A to the supplemental affidavit of Richard Rothman (submitted in redacted form).