```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DOUGLAS GILSTRAP and MYRON
TATARYN, each on behalf of himself and all
others similarly situated,

                        Plaintiffs,                            05 Civ. 7947 (PKC)

        -against-

RADIANZ LTD., RADIANZ AMERICAS, INC.,
REUTERS LIMITED, BLAXMILL (SIX) LIMITED,
REUTERS C LLC, REUTERS AMERICA LLC, and
BRITISH TELECOMMUNICATIONS plc,

                        Defendants.                            MEMORANDUM
                                                               AND ORDER
-----------------------------------------------------------x
DOUGLAS GILSTRAP, BRIAN DILLON and
JOHN MADIGAN,

                        Plaintiffs,                            06 Civ. 14218 (PKC)

        -against-

RADIANZ LTD., RADIANZ AMERICAS, INC.,

                        Defendants.
-----------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/07

P. KEVIN CASTEL, U.S.D.J.

       In a Memorandum and Order dated July 26, 2006 (05 Civ. 7947, Doc # 31) (the "July 26 Order"), this Court granted the defendants' motion to dismiss the first filed of the above two actions under the doctrine of *forum non conveniens*. Gilstrap v. Radianz Ltd., 443 F.Supp. 2d 474 (S.D.N.Y. 2006). The July 26 Order notes, among other things, the strong relationship of the underlying facts to the United Kingdom and the adequacy of its judicial system as an alternate forum available to hear the claim:

> " [T]he courts of England represent an adequate alternative forum for the resolution of this dispute and the relevant private and public interest factors weigh heavily in favor of dismissal and, accordingly, the motion is conditionally granted. Central to this lawsuit is the claim that defendants breached a stock option plan which was adopted and subsequently amended in England, and governed the rights of employees to purchase English securities. The events giving rise to the claim that the stock option plan was breached arise out of the sale of Radianz from one English company to another, which transaction was negotiated and documented in England. . . . The vast majority of the key witnesses and documents are located in England. Assessment of the credibility of witnesses will be important in this case and can be best accomplished in England, where the witnesses – particularly non-party witnesses – will be able to testify in the presence of the fact-finder. Furthermore, English law is likely to apply to the claims in this action and no federal statutory claims are asserted."

Id. at 475-76.

On December 7, 2006, while an appeal was pending of the July 26 Order, Mr. Gilstrap and two others filed a second action in this Court deleting several of the references to England and deleting some of the U.K.-based defendants. Gilstrap, et al. v. Radianz Ltd., et ano., 06 Civ. 14218.

On May 25, 2007, the United States Court of Appeals affirmed the July 26 Order. Gilstrap v. Radianz Ltd., 233 Fed.Appx. 83, 2007 WL 1541362 (2d Cir. 2007). The mandate issued from the Court of Appeals on June 21, 2007. (05 Civ. 7947, Doc # 40.) Thereafter, on August 9, 2007, plaintiffs filed a voluntary dismissal of the second filed action. (06 Civ. 14218, Doc # 8.)

The next day, plaintiffs Douglas Gilstrap, Myron Tataryn and one other, all represented by the same law firm that pursued the claims in the two actions in this Court, filed substantially similar claims against defendants Radianz LTD and Radianz Americas,

Inc. in the District Court for Dallas County, Texas. Gilstrap, et al. v. Radianz LTD., et ano., No. 07-8507 (C-68th Judicial District). The text of "Plaintiffs' Original Petition" contains a section entitled "Background." It does not mention the litigation in this Court.

Proceeding by Order to Show Cause, defendants in both the 2005 and 2006 actions now seek to enjoin plaintiffs, under the All Writs Act, 28 U.S.C. § 1651, from proceeding in any court in the United States, thereby allowing them to proceed in the United Kingdom. Plaintiffs oppose the application relying upon the Anti-Injunction Act, 28 U.S.C. § 2283, which provides as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The defendants rely upon the "protect or effectuate its judgment" language and what has become known as the "relitigation exception." See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, ___ F.3d ___, 2007 WL 2537466 at *15 n. 15 (2d Cir. Sept. 7, 2007).

In Chick Kam Choo v. Exxon Corp., 486 U.S. 147 (1988), the defendants obtained dismissal of an action filed in the Southern District of Texas, *inter alia*, on the grounds of *forum non conveniens* on the basis that Singapore was an adequate, alternative forum that was more convenient. Following affirmance in the Fifth Circuit, plaintiffs filed suit in a state court within the Southern District of Texas, rather than file suit in Singapore. The federal district court thereafter entered a broad injunction against relitigating any resolved issue in state court. To the extent that the injunction reached the *forum non conveniens* issue, the Su-

4

preme Court found it to be too broad. Id. at 145-151. The Court reasoned that "[f]ederal *forum non conveniens* principles simply cannot determine whether Texas courts, which operate under a broad 'open-courts' mandate, would consider themselves an appropriate forum for petitioner's lawsuit." Id. at 148 (citing Texas Const., Art 1, § 13). The logic and holding of Chick Kam Choo controls the outcome of this motion.

Here, the Judge in the District Court for Dallas County will be fully able to consider the application of issue preclusion principles to the factual issues which were actually and necessarily decided in the July 26 Order on such matters as the location of witnesses and documents and adequacy of the alternate forum. If, as defendants assert, a Texas court would apply the same balancing factors as this Court has applied, then defendants will be free to urge upon the Texas court that the entire issue ought to be precluded from relitigation. But as Chick Kam Choo observes "[p]revention of frequent federal court intervention is important to make the dual system work effectively." Id. at 146. Trust and respect for a sister state court would counsel against issuance of an injunction, even if it were not foreclosed by Chick Kam Choo. "[T]he fact that an injunction may issue under the Anti-Injunction Act does not mean that it must issue." Id. at 151.

The motions brought on by order to show cause (05 Civ. 7947, Doc # 43; 06 Civ. 14218, Doc # 9) are DENIED. All other relief sought by any party is DENIED.

SO ORDERED.

                                                  _/s/ P. Kevin Castel_
                                                  P. Kevin Castel
                                                  United States District Judge

Dated: New York, New York
           October 17, 2007